JOHN A. LEE, PROSECUTOR, v. HOMER C. ZINK, COMPTROLLER OF THE TREASURY OF NEW JERSEY, RESPONDENT.

Submitted October 5, 1943—Decided January 6, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Stephen P. Piga.*

For the respondent, *David T. Wilentz,* Attorney-General, and *John F. Bruther,* Assistant Attorney-General.

The opinion of the court was delivered by

PARKER, J.  The question for decision in this case is whether the dismissal of the prosecutor by the Comptroller of the Treasury as of May 15th, 1942, after prosecutor had served in the office of the Comptroller over thirteen years was legally effective.

The prosecutor relied on the statute enacted in 1939 and carried into *R. S.* as *R. S.* 52:19–11.2 and 11.3 (*Pamph. L.* 1939, *p.* 620).  The act is in two sections in addition to the final clause that it shall take effect immediately, but only the title and the first section are material to the present contro-

versy. The title reads as follows: "An act placing employees of the Comptroller of the Treasury engaged in the work of auditing or preauditing under tenure of office." The first section reads as follows: "1. All the employees of the Comptroller of the Treasury employed in the work of auditing or preauditing, who shall have been so employed at least three years immediately prior to the taking effect of this act, shall continue to hold their employments and shall not be removed therefrom except for good cause shown after a fair and impartial trial, but shall hold their employments during good behavior, and shall not be removed for political reasons."

The position taken by the respondent is that although the act is effective as regards all subordinates who have been appointed and have served for not less than three years in the auditing department of his office it is not applicable to the prosecutor because he was not so appointed but was appointed as a confidential clerk without reference to the auditing department, and consequently did not come within the purview of the statute. We consider, however, that this is taking too narrow a view of the matter in view of the undisputed fact that although the prosecutor was appointed under the designation of confidential clerk, the proofs in the case show without any substantial contradiction that by far the larger part of his time was used in the work of the auditing department. It is to be observed that the language of the act is not restricted to employees definitely and exclusively allocated to the auditing department, but embraces "all the employees of the Comptroller of the Treasury employed in the work of auditing or preauditing," &c. The question therefore is whether the prosecutor had been employed in the work of auditing or preauditing for the requisite time, and we have no hesitation in holding that he had been so employed. The fact that he had been designated when first employed as confidential clerk has no substantial bearing in our judgment on the result of this case.

Our conclusion, therefore, is that the prosecutor was entitled to tenure under the statute above referred to and consequently that the order brought up by this writ should be set aside.